IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ISHMEL NORMAN,

    Plaintiff,

vs.                                                          Civ No. 19-773 KG/SCY

ALBUQUERQUE POLICE DEPARTMENT
OFFICERS LAMARCUS STALLINGS,
JOSHUA CHAFFIN, and SGT GUSTAVO GOMEZ,

    Defendants.

## ORDER

This matter comes before the Court upon *pro se* Plaintiff's Motion for Hearing, filed October 30, 2019. (Doc. 15). Defendants did not respond to the Motion for Hearing.

On August 29, 2019, Defendants filed a motion to dismiss. (Doc. 9). Instead of responding to the motion to dismiss in writing, as provided by the Local Rules and the Federal Rules of Civil Procedure, Plaintiff opted to file the Motion for Hearing. Plaintiff requests a "Markman Hearing" though he does not explain his reasons. *Id*. at 1.

"A *Markman* hearing … is held for the purpose of determining the scope of the patent claims alleged to be infringed." *Barreca v. S. Beach Beverage Co.*, 322 F. Supp. 2d 1186, 1188 n. 1 (D. Colo. 2004), *aff'd,* 141 Fed. Appx. 912 (Fed. Cir. 2005) (citing *Markman v. Westview Instruments, Inc.,* 517 U.S. 370 (1996)). This is not a patent infringement case. Rather, Plaintiff alleges violations of the Fourth Amendment by Albuquerque Police officers. (Doc. 1-3). The Court, therefore, denies Plaintiff's request for a "Markman Hearing."

Nevertheless, the Court construes Plaintiff's Motion for Hearing as a request for a hearing on the motion to dismiss. Local Rule 7.6 (a) states that "[a] motion will be decided on

the briefs unless the Court sets oral argument." In this case, the Court declines to set oral argument on the motion to dismiss because Plaintiff had ample opportunity to respond to the motion to dismiss in writing and Plaintiff does not explain why a hearing on the motion to dismiss is necessary.

IT IS ORDERED that Plaintiff's Motion for Hearing (Doc. 15) is denied.

_____
UNITED STATES DISTRICT JUDGE