IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ISHMEL NORMAN,

    Plaintiff,

vs.                                                                      Civ. No. 19-773 KG/SCY

ALBUQUERQUE POLICE DEPT. OFFICERS
LAMARCUS STALLINGS, JOSHUA CHAFFIN,
and SGT. GUSTAVO GOMEZ,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter comes before the Court upon Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Under Rule 12(b)(6) on Qualified Immunity and Other Grounds (Motion to Dismiss), filed August 29, 2019.  (Doc. 9).  *Pro se* Plaintiff did not respond.  Having considered the merits of the Motion to Dismiss, the Court grants the Motion to Dismiss as described below.

    As an initial matter, the Court acknowledges that it must liberally construe the filings of a *pro se* litigant and hold that litigant "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a *pro se* litigant "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  Moreover, the Court does not "assume the role of advocate for the *pro se* litigant." *Hall*, 935 F.2d at 1110.

    Plaintiff's First Amended Complaint alleges in a conclusory manner that Defendants violated the Fourth Amendment by entering his house without a warrant, committing battery on him, falsely imprisoning him, and engaging in an unreasonable search and seizure.  (Doc. 1-3). Plaintiff does not provide any factual allegations to describe when, where, or how the alleged

1

Fourth Amendment violations occurred or who did what to violate his Fourth Amendment rights. For the purpose of this Memorandum Opinion and Order, the Court assumes that Plaintiff brings his claims under 42 U.S.C. § 1983.

Defendants move under Fed. R. Civ. P. 12(b) to dismiss the First Amended Complaint with prejudice. Defendants specifically raise the defense of qualified immunity as to the Fourth Amendment warrantless search and false imprisonment claims. Defendants, however, construe the battery claim as a state tort claim and argue that Plaintiff fails to state a battery claim under the New Mexico Tort Claims Act. The Court disagrees with this construction of the battery claim. The heading of the First Amended Complaint clearly reads, "First Amended Complaint violation of 4th Amendment." (Doc. 1-3). Consequently, the Court determines that Plaintiff asserts that all of his claims, including the battery claim, allege Fourth Amendment violations. In the Fourth Amendment context, a battery claim is an excessive force claim. That being so, the Court presumes that Defendants would also raise a qualified immunity defense with respect to the "battery" claim.

In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Vague allegations "completely lacking in specificity" do not survive a Rule 12(b)(6) motion to dismiss. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1188 (10th Cir. 2003).

To avoid a Rule 12(b)(6) dismissal of Section 1983 claims based on the defense of qualified immunity, plaintiffs "must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). In Section 1983 cases, "it is particularly important … that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her…." *Id.* at 1250.

Here, the First Amended Complaint contains only labels and conclusions and is totally devoid of any specific factual allegations which would provide Defendants fair notice of the claims against them. Plaintiff, thus, fails to allege facts sufficient to show that Defendants plausibly violated his Fourth Amendment rights and that those rights were clearly established at the time the alleged Fourth Amendment violations occurred. Hence, Plaintiff has not avoided a Rule 12(b)(6) dismissal of his lawsuit based on qualified immunity.

Furthermore, Fed. R. Civ. P. 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted). In other words, a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). That is the case with the First Amended Complaint. The First Amended Complaint, therefore, violates Rule 8(a)(2) as well. Accordingly, the Court will dismiss the lawsuit for this additional reason. [1]

---

[1] "[A] district court may dismiss the action sua sponte for failure to comply with Rule 8." *Rodriguez v. Nationwide Homes, Inc.*, 756 Fed. Appx. 782, 785 (10th Cir. 2018), *cert. denied,* 140 S. Ct. 63 (2019).

The Court notes that Defendants seek to dismiss the First Amended Complaint with prejudice. "To be sure, a pro se [plaintiff] may fail to plead his allegations with the skill necessary to state a plausible claim even when the facts would support one." *Gee v. Pacheco*, 627 F.3d 1178, 1185–86 (10th Cir. 2010). Accordingly, "the dismissal of a pro se claim under Rule 12(b)(6) [ordinarily] should be without prejudice" unless it would be futile to amend the complaint. *Id.* (quoting *Oxendine v. Kaplan,* 241 F.3d 1272, 1275 (10th Cir. 2001)). "A dismissal without prejudice under Rule 8 is within the sound discretion of the trial court." *Carbajal v. City & Cty. of Denver*, 502 Fed. Appx. 715, 716 (10th Cir. 2012) (quoting *Atkins v. Nw. Airlines, Inc.,* 967 F.2d 1197, 1203 (8th Cir.1992)).

In this case, the Court simply does not have enough information to decide if another complaint would be futile. Considering the lack of specificity in the First Amended Complaint and giving Plaintiff the benefit of the doubt, the Court will dismiss the First Amended Complaint without prejudice so Plaintiff has an opportunity to file a complaint that contains specific factual allegations to support his claims.

IT IS ORDERED that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Under Rule 12(b)(6) on Qualified Immunity and Other Grounds (Doc. 9) is granted in that the Court will dismiss this lawsuit without prejudice.

_____
UNITED STATES DISTRICT JUDGE